LEHMAN PROPERTIES, Limited Partnership *v.*
BB&B CONSTRUCTION COMPANY, INC.

CA 02-588 98 S.W.3d 470

Court of Appeals of Arkansas
Division IV
Opinion delivered February 26, 2003

*Watts, Donovan & Tilley, P.A.*, by: *James T. Tilley* and *Michael McCarty Harrison*, for appellant.

*Davidson Law Firm, Ltd.*, by: *Richard Quintus* and *Charles Darwin "Skip" Davidson*, for appellee.

JOHN B. ROBBINS, Judge. This appeal is from an interlocutory order denying appellant Lehman Properties, Limited Partnership's motion to compel arbitration. The primary issues on appeal are whether the trial judge erred in holding that the Federal Arbitration Act ("FAA") does not apply to this case because interstate commerce is not involved and that the claims are not arbitrable under the Arkansas Uniform Arbitration Act ("AUAA"). We agree with the circuit judge that the FAA does not apply but reverse his finding that the claims are not arbitrable under the AUAA.

Appellee BB&B Construction Company, Inc., located in Garland County, Arkansas, entered into a contract with appellant to construct a subdivision in Bentonville, Arkansas. Appellant, which develops subdivisions, is an Arkansas partnership and maintains its principal place of business in Rogers, Arkansas. Northstar Engineering Consultants, Inc., situated in Bentonville, prepared the construction specifications for the project.

In paragraph 16.1 of the February 16, 1999, contract between appellant and appellee, the following dispute resolution provision appeared:

> All claims, disputes and other matters in question between OWNER and CONTRACTOR arising out of or relating to the Contract Documents or the breach thereof (except for claims which have been waived by the making or acceptance of final payment as provided by paragraph 14.15) will be decided by arbitration in accordance with the Construction Industry Arbitration Rules of the American Arbitration Association then obtaining, subject to the limitations of this Article 16. This agreement so to arbitrate and any other agreement or consent to arbitrate entered into in accordance herewith as provided in this Article 16 will be specifically enforceable under the prevailing law of any court having jurisdiction.

In 2001, appellee filed a complaint against appellant and Northstar in the Garland County Circuit Court, alleging that appellant and Northstar had committed fraud, deceit, fraudulent inducement, fraudulent misrepresentation, and negligence, causing it to sustain damages of not less than $380,000.

Appellant pled arbitration as an affirmative defense and filed a motion to compel arbitration pursuant to section 16.1 of the contract. According to appellant, the FAA and the AUAA required the dispute to be submitted to arbitration. As exhibits to its motion, appellant filed a copy of the parties' contract; the affidavit of Shawki Al-Madhoun, president of Northstar; and invoices from two suppliers of materials, Benton County Stone Company, Inc., and Hughes Supply, Inc.

A hearing was held on the motion to compel arbitration. In his letter opinion, the judge stated:

> As the case stands, the plaintiff has alleged negligence, fraud, deceit, and fraudulent inducement and misrepresentation against the defendants. Clearly, tort claims are not arbitrable under our statute. Based on the current state of the record, it would be improper to rule that this is actually a contract case and thus subject to arbitration and governed by the mandatory arbitration provision.

In the order denying appellant's motion to compel arbitration, the judge found that the contract did not involve sufficient interstate commerce to invoke the application of the FAA. He also found that, although the AUAA, Ark. Code Ann. §§ 16-108-201 through 16-108-224 (1987 and Supp. 2001), applied, the tort claims alleged by appellee were not arbitrable under that act. This appeal follows from that order.

## Standard of Review

■ ■ The denial of a motion to compel arbitration is an immediately appealable order. *Showmethemoney Check Cashers, Inc. v. Williams*, 342 Ark. 112, 27 S.W3d 361 (2000). Arkansas Code Annotated section 16-108-219(a) (1987) authorizes an appeal from an order denying an application to compel arbitration. *American Ins. Co. v. Cazort*, 316 Ark. 314, 871 S.W.2d 575 (1994). Our review of a trial court's denial of a motion to compel arbitration is *de novo. IGF Ins. Co. v. Hat Creek P'ship*, 349 Ark. 133, 76 S.W.3d 859 (2002); *Walton v. Lewis*, 337 Ark. 45, 987 S.W.2d 262 (1999).

## Arguments on Appeal

Appellant argues on appeal that the FAA mandated arbitration of appellee's claims and that appellee's claims are arbitrable under the AUAA.

## The Federal Arbitration Act

■ ■ According to appellant, the contract between the parties involves interstate commerce and, therefore, came within the ambit of the FAA. That act provides that a written provision in a contract evidencing a transaction involving commerce to arbitrate a controversy arising out of that contract is valid and enforceable, "save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2 (2002). When the underlying dispute involves interstate commerce, the FAA, instead of the AUAA, applies. *Walton v. Lewis, supra*. Section 1 of the FAA defines "commerce" as "commerce among the several states . . . ." 9 U.S.C. § 1 (2002). State courts have concurrent jurisdic-

tion with the federal courts to enforce rights granted by the FAA. *McEntire v. Monarch Feed Mills, Inc.*, 276 Ark. 1, 631 S.W.2d 307 (1982).

Appellant contends that interstate commerce was involved in this case because a major subdivision was to be constructed and goods crossed state lines for that purpose. Appellee, however, points out that it purchased those goods from local suppliers and argues that, as far as these parties were concerned, the fact that the suppliers ordered the goods from out of state did not amount to interstate commerce. The invoices from Hughes Supply, Inc., listed "Tontitown, AR" and an Arkansas telephone number. They also listed the company's Dallas, Texas, post office box and showed that the supplies were sold to appellee in Hot Springs, Arkansas, and shipped to the work site in Bentonville. The invoices from Benton County Stone Company, Inc., listed a Pryor, Oklahoma, post office box and telephone number, as well as an Arkansas telephone number for its quarry. Appellant does not dispute appellee's assertion that the goods were purchased from local suppliers.

The appellee purchased these supplies locally, all of the parties are situated in Arkansas, and the work was done in Arkansas. Moreover, the contract itself did not evidence a transaction involving interstate commerce. Thus, the judge was correct in finding that the FAA does not apply.

### The Arkansas Uniform Arbitration Act

Appellant further argues that appellee's claims are arbitrable under the AUAA. Unlike the FAA, the AUAA may not be used to enforce agreements to arbitrate if the cause of action sounds in tort. Arkansas Code Annotated section 16-108-201(b) (Supp. 2001) provides:

> (b) A written provision to submit to arbitration any controversy thereafter arising between the parties bound by the terms of the writing is valid, enforceable, and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract; provided, that this subsection shall have no application to personal injury or tort matters, employer-employee disputes,

nor to any insured or beneficiary under any insurance policy or annuity contract.

Appellant contends, however, that appellee's claims, which are phrased in terms of negligence and fraud, actually sound in contract and are, therefore, subject to arbitration under the AUAA. According to appellant, if a party is allowed to transform contract issues into tort issues in order to circumvent a contract's arbitration clause, the strong public policy favoring arbitration will be thwarted.

As a matter of public policy, arbitration is strongly favored. *Hart v. McChristian*, 344 Ark. 656, 42 S.W.3d 552 (2001). Arbitration is looked upon with approval by courts as a less expensive and more expeditious means of settling litigation and relieving docket congestion. *Id.* Arbitration is a matter of contract between parties. *Id.* The same rules of construction and interpretation apply to arbitration clauses as apply to agreements generally. The construction and legal effect of a written contract to arbitrate are to be determined by the court as a matter of law. *Id.* Accordingly, we will give effect to the parties' intent as evidenced by the arbitration agreement itself. *Id.* In light of the policy favoring arbitration, such agreements will not be construed strictly but will be read to include subjects within the spirit of the parties' agreement. *Id.* Any doubts and ambiguities of coverage will be resolved in favor of arbitration. *Id.* Under Arkansas law, however, claims sounding in tort are not arbitrable, regardless of the language used in the arbitration agreement. *Hawks Enters., Inc. v. Andrews*, 75 Ark. App. 372, 57 S.W.3d 778 (2001).

It is true that legitimate tort claims can arise out of contractual relationships in some situations. *Westark Specialties, Inc. v. Stouffer Family Ltd. P'ship*, 310 Ark. 225, 836 S.W.2d 354 (1992). However, unless the conduct involves a foreseeable, unreasonable risk of harm to the plaintiff's interests, a breach of contract is generally not treated as a tort if it consists merely of a failure to act (nonfeasance). The court will not declare a matter nonarbitrable under the AUAA merely because the manner in which a party chooses to characterize its action initially appears to render the matter as falling outside the AUAA; instead, the claim must legitimately sound in tort. *Terminix Int'l Co. v. Stabbs*, 326 Ark. 239, 930 S.W.2d 345 (1996).

Appellee alleged in its complaint that appellant and Northstar had prepared false plans and specifications for the development of the subdivision; had failed to obtain proper regulatory authority for the subdivision's development; and had represented certain facts in writing and verbally that were untrue, false, and misleading, causing appellee to spend hundreds of thousands of dollars in material and labor for which it had not been compensated. Appellee's list of the false and misleading statements included the following:

(a) Lehman and Northstar possess the requisite skill, education, experience and authority to develop the Heathrow Subdivision;

(b) location of streets;

(c) location of utilities;

(d) regulatory authority for work to be performed;

(e) timely performance by Lehman and Northstar to allow BB&B to timely perform its services;

(f) prompt payment by Lehman and Northstar;

(g) volumes of material present;

(h) plans and specifications were complete and accurate;

(i) BB&B would be compensated for down time caused by Lehman and Northstar;

(j) BB&B would be compensated for abnormal or unanticipated site conditions;

(k) BB&B would receive payment for stored materials; and

(l) any extra work performed by BB&B would be paid.

Appellee also asserted that appellant and Northstar had committed the following acts:

(a) failure to timely and correctly locate streets;

(b) failure to timely and correctly locate utilities;

(c) failure to timely and correctly obtain regulatory authority for work to be performed;

(d) failure to timely and correctly perform work by Lehman and Northstar to allow BB&B to timely perform its services;

(e) failure to make prompt payment by Lehman and Northstar;

(f) failure to estimate volumes of material present; and

(g) failure to complete accurate and timely plans and specifications.

According to appellee, after the project was shut down by Bentonville city officials in April 1999, Northstar's employees, as agents for appellant, promised to pay appellee if it would return to work on the subdivision; in reliance upon these representations, appellee performed services for which it had not been paid.

 Our review of appellee's allegations leads us to conclude that, although appellee characterized its claims in tort, they do not legitimately sound in tort and that this is actually a breach-of-contract action. Accordingly, appellee's claims are arbitrable under the AUAA.

Affirmed in part; reversed in part and remanded.

BIRD and GRIFFEN, JJ., agree.