PEST MANAGEMENT, INC., et al. *v.*
Alfred D. LANGER, et al.

CA 05-1387                                                    240 S.W.3d 149

Court of Appeals of Arkansas
Substituted Opinion on Denial of Rehearing
September 27, 2006

---

*Roberts Law Firm, P.A.*, by: *Jeremy Sweringen, Mike Roberts*, and *Emily A. Neal*, for appellants.

*David H. Williams Law Firm, PLLC*, by: *David H. Williams*, for appellees.

SAM BIRD, Judge. Appellants Pest Management, Inc., Elaine Goode, and Grant Goode (collectively, Pest Management) appeal from an order of the Faulkner County Circuit Court denying their motion to arbitrate claims asserted against them by appellees Alfred Langer and James Stalnaker (collectively, Langer). The trial court found that, although the parties' agreement specified that any dispute would be arbitrated under the provisions of the Federal Arbitration Act (FAA), 9 U.S.C. §§ 1 through 16 (2000 & Supp. III 2003), Langer's claims sounded in tort and were not subject to arbitration under the Arkansas Uniform Arbitration Act (AUAA), Ark. Code Ann. §§ 16-108-201 through 16-108-224 (Repl. 2006). We reverse and remand.

On September 17, 2003, Langer purchased a home located in Conway, Arkansas. Before the closing, Pest Management inspected the home and issued a clearance letter dated September 15, 2003, stating that it had inspected the home and reporting its findings. Neither the clearance letter nor a graph attached to the clearance letter indicated any current termite damage, any past damage, or any other problems with the home. As part of the closing, Langer and Pest Management entered into a contract for Pest Management to inspect the premises and to provide for annual treatment. Elaine Goode signed the contract on September 12, 2003, on behalf of Pest Management, and Langer signed the contract on September 17. The contract contained a section entitled "ARBITRATION," which provided:

> Customer and Pest Management agree that any claim, dispute or controversy between them or against the other or the employees, agents or assigns of the other, and any claim arising from or relating to this Contract or the relationships which result from the Contract, no matter against whom made, including the applicability of this arbitration clause and the validity of the entire Contract, shall be resolved by neutral binding arbitration by the National Arbitration Forum . . . under the Code of Procedure of the National Arbitration Forum in effect at the time the claim is filed. . . . Each party shall be responsible for paying its own fees, costs and expenses and the arbitration fees as designed by the Code of Procedure. The decision of the arbitrator shall be a final and binding resolution of the disagreement that may be entered as a judgment by a court of competent jurisdiction. The arbitration agreement is made pursuant to a transaction involving interstate commerce and shall be governed by the Federal Arbitration Act, 9 U.S.C. Sections 1-16. Each party consents to the personal jurisdiction and venue of the courts in which the property is located and the courts of the State of Arkansas and the U.S. District Court for the Eastern District of Arkansas. Judgment upon the award may be entered in any court having jurisdiction. Neither party shall sue the other party with respect to any matter in dispute between the parties other than for enforcement of this arbitration provision or of the arbitrator's decision, and a party violating this provision shall pay the other party's costs, including but not limited to attorney's fees, with respect to such suit and the arbitration award shall so provide. THE PARTIES UNDERSTAND THAT THEY WOULD HAVE HAD A RIGHT OR OPPORTUNITY TO LITIGATE DISPUTES THROUGH A COURT AND TO HAVE A JUDGE

OR JURY DECIDE THEIR CASE, BUT THEY CHOOSE TO HAVE ANY DISPUTES DECIDED THROUGH ARBITRATION.

The contract specifically provides that the arbitration provision and the inspection graph are part of the contract.

On March 1, 2005, Langer filed suit, later amended, against Pest Management and Daryl Little, in his official capacity as director of the Arkansas State Plant Board, alleging that Pest Management was negligent in the conduct of its inspection. The complaint alleged that the Plant Board conducted an inspection of Langer's home and found several problems that Pest Management had to correct. The complaint also alleged that Pest Management violated the Arkansas Pest Control Act. In its first amended answer, Pest Management denied the allegations of the complaint and asserted that the dispute was subject to arbitration under the FAA. Pest Management also filed a separate motion to dismiss or, in the alternative, to compel arbitration.

At the hearing on the motion, there was argument about whether Langer's cause of action sounded in tort or in contract because tort claims would not be subject to arbitration under the AUAA. Langer argued further that the claims were not subject to arbitration because Pest Management's negligence occurred prior to the execution of the termite contract. Pest Management's position was that the original inspection was part and parcel of the termite contract and, therefore, Langer's claim should be subject to arbitration.

The trial court issued a letter opinion in which it found that the supreme court's decision in *Terminix International Co. v. Stabbs*, 326 Ark. 239, 930 S.W.2d 345 (1996), was controlling. The court noted that, although application of the FAA was sought, the complaint's allegations of a tort claim would not be subject to arbitration under the AUAA. In its written order, the trial court found that the termite contract expressly provided that the parties agreed to submit to binding arbitration, in accordance with and under the provisions of the FAA, of any claim, dispute, or controversy between them arising from or relating to the termite contract or the inspection of the property. The court also found that the causes of action alleged in Langer's complaint sounded in tort, rather than in contract, and were not subject to arbitration under the AUAA and that the AUAA was not pre-empted by the FAA in the present case. The court also found that the arbitration

clause of the parties' termite contract did not control disputes relating to the performance of the inspection of Langer's house or the reporting of its condition in the clearance letter, both occurring prior to the execution of the termite contract. Finally, the court concluded that the case law and statutory scheme in Arkansas did not compel the mandatory, binding arbitration sought by Pest Management in this case. The trial court accordingly denied the motion to compel arbitration. This appeal followed.

An order denying a motion to compel arbitration is an immediately appealable order. Ark. R. App. P. – Civ. 2(a)(12); *IGF Ins. Co. v. Hat Creek P'ship*, 349 Ark. 133, 76 S.W.3d 859 (2002). We review a circuit court's order denying a motion to compel arbitration de novo on the record. *IGF Ins.*, *supra.*

Pest Management raises one point on appeal — that the trial court erred in not compelling arbitration of Langer's claims. Specifically, it contends that the FAA, rather than the AUAA, applies to this dispute and calls for arbitration between the parties. In arguing for the application of Arkansas law, Langer relies, as did the trial court, on the supreme court's decision in *Stabbs*, *supra*. That case involved a suit against Terminix and others for fraud, deceit, and breach of a federal VA/HUD loan "contract" that arose from a faulty termite inspection and repair job. The supreme court held that tort claims were not subject to arbitration under the AUAA, "regardless of the language used in an arbitration agreement." *See* Ark. Code Ann. § 16-108-201(b)(2). Langer's reliance on the phrase "regardless of the language used" in *Stabbs* is misplaced because that case involved only the AUAA.[1] Here, the parties specifically agreed that the FAA would apply. Where the parties designate in the arbitration agreement which arbitration statute they wish to have control, the court should apply their choice. *Geosurveys, Inc. v. State Nat'l Bank*, 143 S.W.3d 220 (Tex. App. 2004); *In re Van Blarcum*, 19 S.W.3d 484 (Tex. App. 2000).

The FAA provides that a written provision in a contract evidencing a transaction involving commerce to arbitrate a controversy arising out of that contract is valid and enforceable "save upon such grounds as exist at law or in equity for the revocation of

---

[1] To the extent that our decision in *Hawks Enterprises, Inc. v. Andrews*, 75 Ark. App. 372, 57 S.W.3d 778 (2001), can be read as precluding arbitration of tort claims under the FAA, it is erroneous.

any contract." 9 U.S.C. § 2 (2000). The FAA, instead of the AUAA, applies when the underlying dispute involves interstate commerce. *Walton v. Lewis*, 337 Ark. 45, 987 S.W.2d 262 (1999). Section 1 of the FAA defines "commerce" as "commerce among the several States. . . ." 9 U.S.C. § 1 (2000). State and federal courts have concurrent jurisdiction to enforce an arbitration agreement pursuant to the terms of the FAA. *Walton, supra.*

Because the duty to arbitrate is a contractual obligation, we must first determine from the language of the arbitration agreement whether the parties intended to arbitrate the particular dispute in question. *Walton, supra.* In addressing whether a party has entered into an agreement to arbitrate under the FAA, courts are to apply general state law principles, giving due regard to the federal policy favoring arbitration. *Volt Info. Sciences, Inc. v. Board of Trustees of the Leland Stanford Junior Univ.*, 489 U.S. 468 (1989). The same rules of construction and interpretation apply to arbitration agreements as apply to agreements generally. *Neosho Constr. Co. v. Weaver-Bailey Contractors*, 69 Ark. App. 137, 10 S.W.3d 463 (2000). A contract is unambiguous and its construction and legal effect are questions of law when its terms are not susceptible to more than one equally reasonable construction. *Fryer v. Boyett*, 64 Ark. App. 7, 978 S.W.2d 304 (1998). When contracting parties express their intention in a written instrument in clear and unambiguous language, it is the court's duty to construe the writing in accordance with the plain meaning of the language employed. *Id.*

■ The arbitration clause in the present case is quite broad and provides that any claim, dispute or controversy between Langer and Pest Management and any claim arising from or relating to the contract or the relationships which result from the contract shall be subject to arbitration. Langer argues that their claims are not subject to arbitration because they arose prior to the signing of the termite contract that contains this arbitration clause. Though Langer contends that the arbitration clause does not apply to its claims, Pest Management contends that it does. The federal policy favoring arbitration requires that any doubts concerning the scope of arbitrable issues be resolved in favor of arbitration. *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213 (1985); *Walton, supra; Neosho Constr. Co., supra.* However, we do not decide whether the arbitration clause applies to Langer's claims, inasmuch as any dispute over the applicability of the arbitration clause is itself made subject to arbitration, to-wit:

> ARBITRATION. [Langer] and [Pest Management] agree that any . . . dispute . . . between them . . . including the applicability of this arbitration clause . . . shall be resolved by neutral binding arbitration.

Consequently, we must reverse and remand for arbitration the issue of whether this arbitration clause is applicable to Langer's claims against Pest Management.

■ Langer also argues that the FAA does not apply because there is no evidence that this transaction involved interstate commerce. The FAA applies if the transaction involves "interstate commerce, even if the parties did not contemplate an interstate commerce connection." *Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 281 (1995); *see also Citizens Bank v. Alafabco, Inc.*, 539 U.S. 52 (2003) (*per curiam*). The termite contract states that "it is being made pursuant to a transaction involving interstate commerce. . . ." This is, in effect, a stipulation that removes the requirement for proof of connections with interstate commerce. In *Allied-Bruce*, the Supreme Court held that the FAA applied to a similar termite protection agreement and required enforcement of its arbitration provision, stating that the language of section 2 of the FAA, making enforceable an arbitration provision in "a contract evidencing a transaction involving commerce," is applicable "to the limits of Congress' Commerce Clause power."

The parties clearly and unambiguously agreed to arbitration under the FAA. We reverse and remand to the trial court for entry of an order compelling the parties to submit to arbitration the issue of the applicability of the arbitration clause to Langer's claims against Pest Management.

Reversed and remanded.

This opinion is substituted for the opinion of our court in this appeal that was delivered on June 21, 2006. Langer's petition for rehearing is denied.

GLADWIN, ROBBINS, GLOVER, NEAL and ROAF, JJ., agree.