David HAMILTON and Pritam Hamilton *v.*
FORD MOTOR CREDIT CO.

CA 06-838                                                    257 S.W.3d 566

Court of Appeals of Arkansas
Opinion delivered May 23, 2007

*Caldwell Law Office*, by: *Theresa L. Caldwell*, for appellants.

*Hosto & Buchan, PLLC*, by: *Arnold N. Goodman*, for appellee.

B RIAN S. MILLER, Judge. This is an interlocutory appeal from an April 21, 2006 order of the Pulaski County Circuit Court denying a motion to compel arbitration, filed by appellants Pritam and David Hamilton. We affirm.

On April 24, 2003, the Hamiltons contracted with North Point Ford to finance the purchase of a 2003 Lincoln Navigator. The contract was assigned to appellee Ford Motor Credit Company (FMC), which was granted a security interest in the vehicle. The contract contained an arbitration provision that provided in pertinent part:

## ARBITRATION

Either you or Creditor ("us" or "we") (each, a "Party") may choose at any time including after a lawsuit is filed to have any Claim related to this contract decided by arbitration. Such Claims include but are not limited to the following: 1) Claims in contract, tort, regulatory, or otherwise; 2) Claims regarding the interpretation, scope, or validity of this clause or arbitrability of any issue; 3) Claims between you and us, our employees, agents, successors, assigns, subsidiaries, or affiliates; 4) Claims arising out of or relating to your application for credit, this contract, or any resulting transaction or relationship, including that with the dealer, or any such relationship with third parties who do not sign this contract.

## RIGHTS YOU AND WE AGREE TO GIVE UP

If either you or we choose to arbitrate a Claim, then you and we agree to waive the following rights:

- RIGHT TO A TRIAL WHETHER BY A JUDGE OR JURY

- RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR A CLASS MEMBER IN ANY CLASS CLAIM

YOU MAY HAVE AGAINST US WHETHER IN COURT OR ARBITRATION

- BROAD RIGHTS TO DISCOVERY AS ARE AVAILABLE IN A LAWSUIT

- RIGHT TO APPEAL THE DECISION OF AN ARBITRATOR

- OTHER RIGHTS THAT ARE AVAILABLE IN A LAWSUIT

RIGHTS YOU AND WE DO NOT GIVE UP: If a Claim is arbitrated you and we will continue to have the following rights, without waiving this arbitration provision as to any Claim: 1) Right to file bankruptcy in court; 2) *Right to enforce the security interest in the vehicle, whether by repossession or through a court of law;* 3) Right to take legal action to enforce the arbitrator's decision; and 4) Right to request that a court of law review whether the arbitrator exceeded his authority.

(Emphasis added.)

The Hamiltons were required by the contract to make fifty-nine payments of $835.01 and one final payment of $835.41. The Hamiltons missed their first payment in June 2005 and FMC granted the Hamiltons a two-month extension. After the extension, the Hamiltons missed three additional payments.

FMC determined that the account was uncollectible and on November 2, 2005, FMC filed a replevin action seeking return of the vehicle. On November 8 and November 28, 2005, the Hamiltons tendered two MoneyGrams to FMC in the amounts of $1,165.04 and $2,500 respectively but FMC refunded the payments. FMC also refunded payments it received from the Hamiltons on December 7, 2005; January 10, 2006; February 15, 2006; and March 15, 2006. The refunds were made because FMC chose to accelerate the balance on the account, making the entire balance due.

On February 16, 2006, the Hamiltons moved to dismiss FMC's complaint and to compel arbitration. The Hamiltons also moved to stay the April 3, 2006 replevin hearing pending arbitration. The trial court denied the Hamiltons' motion to stay the hearing and granted FMC's replevin request. Several days later, the

trial court denied the Hamiltons' motion to compel arbitration. From that order, the Hamiltons now appeal.

An order denying a motion to compel arbitration is an immediately appealable order. Ark. R. App. P.–Civ. 2(a)(12); *Pest Mgmt., Inc. v. Langer*, 96 Ark. App. 220, 240 S.W.3d 149 (2006); *Wyatt v. Giles*, 95 Ark. App. 204, 235 S.W.3d 552 (2006). Our review of a trial court's denial of a motion to compel arbitration is de novo. *Lehman Props. v. BB&B Constr. Co.*, 81 Ark. App. 104, 98 S.W.3d 470 (2003).

We disagree with the Hamiltons' first argument, asserting that the trial court misconstrued the arbitration clause. As a matter of public policy, arbitration is strongly favored. *Hart v. McChristian*, 344 Ark. 656, 42 S.W.3d 552 (2001). Although this is true, the same rules of construction and interpretation apply to arbitration agreements as apply to contracts in general. *Alltel Corp. v. Sumner*, 360 Ark. 573, 203 S.W.3d 77 (2005); *A.G. Edwards & Sons, Inc. v. Myrick*, 88 Ark. App. 125, 195 S.W.3d 388 (2004). Moreover, the court must determine, as a matter of law, the legal effect and construction of a written contract to arbitrate. *Alltel, supra; Hart, supra.*

■ The trial court did not err when it denied the Hamiltons' request to arbitrate the issue of replevin. This is true because the arbitration clause specifically, and unambiguously, provides that FMC does not give up the "[r]ight to enforce the security interest in the vehicle, whether by repossession or through a court of law." In its replevin request, FMC is simply enforcing its security interest in the vehicle by seeking to repossess the vehicle.

The Hamiltons cite a number of cases regarding the construction of ambiguous contracts. *See Tyson Foods, Inc. v. Archer*, 356 Ark. 136, 147 S.W.3d 681 (2004); *Fowler v. Unionaid Life Ins. Co.*, 180 Ark. 140, 20 S.W.2d 611 (1929); *American Ins. Union v. Rowland*, 177 Ark. 875, 8 S.W.2d 452 (1928); *Floyd v. Otter Creek Homeowners Ass'n*, 23 Ark. App. 31, 742 S.W.2d 120 (1988). They also cite a number of cases reminding this court that public policy favors arbitration and that arbitration clauses should be construed against the drafter. *See, e.g., Cash in a Flash Check Advance of Ark. v. Spencer*, 348 Ark. 459, 74 S.W.3d 600 (2002); *Showmethemoney Check Cashers v. Williams*, 342 Ark. 112, 27 S.W.3d 361 (2000); *Sturgis v. Skulks*, 335 Ark. 41, 977 S.W.2d 217 (1998); *Lehman Props., L.P., supra.* We agree that public policy favors arbitration and that, when an arbitration clause is ambiguous, it should be

interpreted against the party drafting the document. In this case, however, the arbitration agreement is unambiguous. It allows both parties to demand arbitration while, at the same time, it allows both parties to maintain certain rights, such as the right of FMC to protect its security interest in the vehicle.

We also disagree with the Hamiltons' second argument, which is that the trial court's interpretation of the arbitration clause creates a lack of mutuality. Mutuality of contract means that an obligation must rest on each party to do or permit to be done something in consideration of the act or promise of the other; thus, neither party is bound unless both are bound. *Tyson Foods, Inc.,* *supra.* A contract, therefore, that leaves it entirely optional with one of the parties as to whether or not he will perform his promise would not be binding on the other. *Id.* Mutual promises that constitute consideration for each other are the classic method of satisfying the doctrine of mutuality. *Asbury Auto. Used Car Ctr., L.L.C. v. Brosh,* 364 Ark. 386, 220 S.W.3d 637 (2005). Mutuality within the arbitration agreement itself is required. *Id.* There is no mutuality of obligation where one party uses an arbitration agreement to shield itself from litigation, while reserving to itself the ability to pursue relief through the court system. *Id.* A lack of mutuality to arbitrate in an arbitration clause renders the clause void. *Id.*

The arbitration clause at issue provides each party with an unbridled right to arbitrate certain issues, while preserving the right for either party to litigate certain other issues. The trial court's decision not to stay FMC's replevin action pending arbitration does not remove FMC's obligation to arbitrate the issue of damages. Consequently, the trial court's interpretation of the arbitration clause does not destroy mutuality and should be affirmed.

Affirmed.

GLOVER and BAKER, JJ., agree.