The circuit further asked the following questions of Stewart Farms:
THE COURT : If you go to paragraph-the first page of the contract?
[ STEWART FARMS ]: Yes, sir.
THE COURT : It states, "This contract was made and accepted by the seller and Erwin-Keith, Inc. in the State of Arkansas and is governed by the laws of the State of Arkansas. Failure to notify Erwin-Keith of any discrepancies in body of this contract within 15 days of receipt will constitute acceptance." It says, "For additional information concerning the terms and conditions of the buyer, see the reverse side of this document." What I have attached is Exhibit 1, 2 and 3 and 4 is a Grain Purchase Contract, and is the second page the reverse side of the document?
[ STEWART FARMS ]: Allegedly. All we have is the first page of the document. The reason they weren't attached to the original complaint is we didn't have them. They were in the possession of defendant. This is what was provided.
THE COURT : Okay.
[ STEWART FARMS ]: That goes to my point that there's no place to initial or reference that these were the terms and conditions of the contract.
THE COURT : Okay. Also, as to the defendant argues that Mr. Henry Stewart ratified the contracts 1 and 2 by his signature [on the first page] in the right-for the record I'm going to say right column of Exhibits 1, 2, 3 and 4, and what I'm going to do is I'm going to have these introduced as the Court's Exhibit 1 to the hearing today. Okay?
....
What is your response to the ratification argument?
[ STEWART FARMS ]: Our response is that he ratified the front page of these documents. There's not any dispute about the front page of the contracts.
THE COURT : Okay.
[ STEWART FARMS ]: The question is the reverse side.
THE COURT : Okay.
*512 The circuit court thereafter filed an order denying Erwin-Keith's motion to compel arbitration and made the following pertinent findings:
1. This Court has jurisdiction of the subject matter and the parties to this action.
2. The Court finds that there is no agreement to arbitrate between the parties.
....
4. The four contracts introduced into the evidence as Exhibits 1, 2, 3, and 4 have standard language in the last paragraph of the contracts that states "concerning the terms and conditions of the Buyer see the reverse side of this document."
5. The four contracts that were introduced as Exhibits do not have a reverse side. The four contracts listed as Exhibits have an additional page that contains an arbitration agreement that has no reference to the first page of the Grain Purchase Agreement.
6. The plaintiff did not offer any testimony regarding the signing of the contract and the additional page of the contract with the arbitration language, which was not the reverse side of page 1 of the Grain Purchase Agreement.
7. That the Court simply cannot find that an arbitration agreement exists between plaintiff, Henry Lee Stewart, Jr., d/b/a Stewart Farms, and Erwin-Keith, Inc., defendant in this matter based on the evidentiary record.
8. That after considering all of the matters presented, the Court hereby denies the Motion to Compel Arbitration in all respects.
This appeal followed.[1]
II. Standard of Review
An order denying a motion to compel arbitration is an immediately appealable order. Ark. R. App. P.-Civil 2(a)(12). On appeal, this court reviews a circuit court's order denying arbitration de novo on the record. Alltel Corp. v. Rosenow , 2014 Ark 375, 2014 WL 4656609. Arbitration agreements are simply a matter of contract between the parties, and any dispute is a matter of contract construction. Courtyard Gardens Health and Rehab., LLC v. Quarles , 2013 Ark. 228, 428 S.W.3d 437. We are not bound by the circuit court's decision, but in the absence of a showing that the circuit court erred in its interpretation of the law, we will accept its decision as correct on appeal.[2] Madison Cos., LLC v. Williams , 2016 Ark. App. 610, 508 S.W.3d 901.
III. Whether an Arbitration Agreement Existed
Appellant's sole argument on appeal is that the circuit court erred in finding that no arbitration agreement existed between the parties based on the evidentiary record. It argues that although it introduced into evidence two separate copied pages, *513 the only conclusion could have been that the first page was a copy of the front page of the contract and that the second page was in actuality a copy of the "reverse page" of the contract. It further argues that this must be the only logical presumption because the front page references "terms and conditions," and the second page was entitled "TERMS AND CONDITIONS." It finally reasons that appellee failed to contest that the second page was not the reverse page; therefore, the circuit court erred in denying the motion to compel arbitration. We disagree.
Our supreme court has repeatedly stated that the threshold inquiry is whether an agreement to arbitrate exists; that is, whether there has been mutual agreement, with notice as to the terms and subsequent assent. Alltel Corp. v. Sumner , 360 Ark. 573, 203 S.W.3d 77 (2005). Because arbitration is a matter of contract between the parties, it is a way to resolve those disputes-but only those disputes-that the parties have agreed to submit to arbitration. Asset Acceptance, LLC v. Newby , 2014 Ark. 280, 437 S.W.3d 119. For a party to assent to a contract, the terms of the contract, including an arbitration agreement, must be effectively communicated. Id. Therefore, appellant was required to produce specific evidence that appellee was subject to the contract and demonstrate that the arbitration clause in that agreement was communicated to appellee or that it assented to that clause. See id.
Here, appellant failed to satisfy its burden to prove that appellee was subject to page two of the alleged contracts and demonstrate that the arbitration clauses in those contracts were communicated to appellee or that it assented to those clauses. Instead, each alleged contract included copies of two separate pages. Although it is plausible, as counsel contends on appeal, that the first page was a copy of the front page and the second page was a copy of the reverse page, there was no affidavit or testimony presented to attest that was the case. Nor is there any other way that we can tell from the second page that those were, in fact, the terms and conditions referenced on the first page and that those specific terms and conditions were communicated to appellee. For example, another form of proof could have been provided by a signature, initials, or other acknowledgment by appellee on the second page. However, there was no signature, initials, or any other acknowledgment by appellee on the second page.
Although appellant contends that appellee admitted that the second page was the "reverse page," we do not find that to be the case after a full review of the record. After the circuit court expressed its concern at the hearing over whether the second page was, in fact, the "reverse page," appellee stated that it did not have copies of any of the contracts and that appellant provided those documents as the alleged contracts. Moreover, appellee specifically stated "[t]hat goes to my point that there's no place to initial or reference that these were the terms and conditions of the contract .... There's not any dispute about the front page of the contracts.... The question is the reverse side. " (Emphasis added.) In other words, appellee did contest whether the terms and conditions on the second page were the terms and conditions referenced on the first page as the "reverse side," and we cannot read appellee's statements here as an admission.
Finally, appellant argues in its reply brief that it conclusively demonstrated that the second pages of the contracts were, in fact, the reverse sides of the double-sided contracts in its motion for reconsideration and for expedited ruling. However, appellant did not subsequently *514 amend its notice of appeal to include an appeal from the denial of that motion. Therefore, that documentation is not before us on appeal. Because appellant failed to produce specific evidence that appellee was subject to page two of the alleged contracts and demonstrate that the arbitration clauses in those contracts were communicated to appellee or that it assented to those clauses despite its burden to do so, we must affirm the circuit court's denial of the motion to compel arbitration.
Affirmed.
Gruber, C.J., and Whiteaker, J., agree.

Appellant filed a timely motion for reconsideration, which was subsequently deemed denied by the circuit court, but appellant filed its notice of appeal designating only the order denying its motion to compel arbitration before the circuit court's deemed denial. Under Arkansas Rule of Appellate Procedure-Civil 4(b)(2) (2017), a notice of appeal filed before the disposition of a posttrial motion is effective to appeal the underlying judgment or order, but to also seek an appeal from the grant or denial of the motion, an amended notice of appeal must be filed within thirty days, and we have no such amended notice of appeal in this case. Thus, only the order denying motion to compel arbitration is before us on appeal.

Both parties misstate our standard of review in appeals from an order denying a motion to compel arbitration.