LARRY D. VAUGHT, Judge
This is an interlocutory appeal of the Washington County Circuit Court's order denying the joint motion to compel arbitration filed by appellants Jorja Trading, Inc.; Automatic Auto Finance, Inc.; Cashfish Motor Pawn, Inc.; Virginia Rivers; and Monte Johnston. We affirm the circuit court's order.
Appellees Leah Willis and Adrian Bartholomew purchased a 2002 Suzuki XL7 vehicle from Automatic Auto Finance (AAF) on October 27, 2015. AAF then assigned the sales contract to Jorja Trading. Appellees defaulted on their payment obligations under the sales contract. Jorja Trading filed a complaint against Willis and Bartholomew in the small claims division of the Washington County District Court (Springdale Division) on May 13, 2016. Both parties were properly served. Bartholomew filed an answer on June 29, 2016. Willis did not file an answer. After a hearing on September 21, 2016, the court entered judgment against the appellees, who then appealed the judgment to the circuit court. Appellees filed an answer and a counterclaim, which asserted fourteen causes of action stemming from alleged usury and UCC violations. On December 13, 2016, Jorja Trading filed a motion to dismiss counterclaim and alternative motion to dismiss and compel arbitration. The other appellants subsequently also filed motions to dismiss and compel arbitration. After appellees filed an amended answer and counterclaim, the court ruled that the pending motions to dismiss and compel arbitration were moot. Appellants then filed a new joint motion to dismiss and compel arbitration of the amended counterclaims and third-party claims. The circuit court held a hearing on December 20, 2017, after which it denied the appellants' joint motion to compel arbitration based on its finding that the arbitration agreement lacked mutuality of obligation and had been waived. This timely appeal follows.
We review a circuit court's order denying a motion to compel arbitration de novo on the record. Hickory Heights Health & Rehab, LLC v. Cook , 2018 Ark. App. 409, 557 S.W.3d 286, (citing *513 Courtyard Gardens Health & Rehab., LLC v. Quarles , 2013 Ark. 228, 428 S.W.3d 437 ). Arbitration is simply a matter of contract between parties. Id. Whether a dispute should be submitted to arbitration is a matter of contract construction, and we look to the language of the contract that contains the agreement to arbitrate and apply state-law principles. Id. The same rules of construction and interpretation apply to arbitration agreements as apply to agreements generally; thus, we will seek to give effect to the intent of the parties as evidenced by the arbitration agreement itself. Id. Finally, the construction and legal effect of an agreement to arbitrate are to be determined by this court as a matter of law. Id.
In deciding whether to grant a motion to compel arbitration, two threshold questions must be answered. First, is there a valid agreement to arbitrate between the parties? Second, if such an agreement exists, does the dispute fall within its scope? GGNSC Holdings, LLC v. Lamb , 2016 Ark. 101, 487 S.W.3d 348. In answering these questions, doubts about arbitrability must be resolved in favor of arbitration. Id. We are also guided by the legal principle that contractual agreements are construed against the drafter. Carter v. Four Seasons Funding Corp. , 351 Ark. 637, 97 S.W.3d 387 (2003). "We are not bound by the circuit court's decision, but in the absence of a showing that the circuit court erred in its interpretation of the law, we will accept its decision as correct on appeal." Erwin-Keith, Inc. v. Stewart , 2018 Ark. App. 147, at 9, 546 S.W.3d 508, 512 (citing Madison Cos., LLC v. Williams , 2016 Ark. App. 610, 508 S.W.3d 901 ).
First, appellants argue that the circuit court erred in determining that the arbitration agreement was not valid because it lacked mutuality of obligation. One of the necessary elements for a valid and enforceable contract under Arkansas law is that the parties must both be bound by mutual obligations. Hot Spring Cty. Med. Ctr. v. Ark. Radiology Affiliates, P.A. , 103 Ark. App. 252, 255, 288 S.W.3d 676, 679. While Arkansas law does not require that the mutual obligations be a mirror image of each other, "an obligation must rest on each party to do or permit to be done something in consideration of the act or promise of the other; that is neither party is bound unless both are bound." Hamilton v. Ford Motor Credit Co. , 99 Ark. App. 124, 128, 257 S.W.3d 566, 570 (2007).
Here, the circuit court found that the arbitration agreement lacked mutual obligations because, while it appears to allow both parties to employ self-help remedies and prohibits both parties from filing a class-action lawsuit, both of those provisions work to the exclusive benefit of the appellants; the appellants are not actually obligated to do or forgo anything meaningful. The arbitration agreement states that both parties "retain the right to self-help remedies, such as repossession." Appellants argue that if the vehicle had been improperly repossessed or was being held by the appellants for some other unlawful reason, the appellees would also have the option of self-help pursuant to the arbitration agreement. We disagree.
The term "self help" is a legal term of art which, according to Black's Law Dictionary, means to protect one's own property or person and not resort to legal action to do so. Under Arkansas law, repossession is exclusively authorized for parties with a secured interest in the property. Ark. Code Ann. § 4-9-609 (Repl. 2001). In Gorman v. Ratliff , 289 Ark. 332, 337, 712 S.W.2d 888, 890 (1986), the Arkansas Supreme Court invalidated a self-help provision in a lease contract because "no entry by a landlord onto property occupied by *514 another is given by Act 615, except by first resorting to legal process. Accordingly, self-help action is prohibited [under Arkansas law]." The Arkansas Supreme Court went on to hold that, "[f]or these reasons those provisions of the lease authorizing the landlord's self-help remedy are invalid." Gorman , 289 Ark. at 338, 712 S.W.2d at 891. In Durbin v. City of W. Memphis, Ark. , No. 3:14-CV-00052-KGB, 2015 WL 1470141 (E.D. Ark. Mar. 31, 2015), the United States District Court for the Eastern District of Arkansas reviewed the current status of self-help law in Arkansas and explained:
The Arkansas Supreme Court subsequently has interpreted Gorman broadly, stating that Gorman "outlawed the use of self-help measures to regain property." Duhon v. State , 299 Ark. 503, 774 S.W.2d 830, 835 (1989). Further, considering Gorman and Duhon , the Attorney General of Arkansas has opined that installing a device that would enable a landlord to cut off utility service to tenants in the event of nonpayment of rent would run afoul of Gorman's prohibition of self-help eviction. See Ark. Op. Att'y Gen. No. 2006-223, 2007 WL 201187 (Jan. 23, 2007).
Durbin , 2015 WL 1470141, at *6.
In the present case, while the arbitration agreement purports to give both parties the right to employ self-help remedies, "such as repossession," Arkansas Code Annotated section 4-9-609 authorizes a repossession only by a "secured party," which section 4-9-102 defines as
(A) a person in whose favor a security interest is created or provided for under a security agreement, whether or not any obligation to be secured is outstanding;
(B) a person that holds an agricultural lien;
(C) a consignor;
(D) a person to which accounts, chattel paper, payment intangibles, or promissory notes have been sold;
(E) a trustee, indenture trustee, agent, collateral agent, or other representative in whose favor a security interest or agricultural lien is created or provided for; or
(F) a person that holds a security interest arising under § 4-2-401, § 4-2-505, § 4-2-711(3), § 4-2A-508(5), § 4-4-210, or § 4-5-118.
Ark. Code Ann. § 4-9-102(a)(74) (Supp. 2017). Appellants do not argue that the appellees are "secured parties," which means that they would not be entitled to use the self-help remedy of repossession pursuant to Arkansas law. Considering the reasoning in Gorman , we conclude that the self-help provision of the arbitration agreement is one-sided in that it would allow only the appellants, as "secured parties," to exercise self help.
Appellants' second argument is that the arbitration agreement contains a class-action waiver that provides mutually binding obligations sufficient to render the contract valid and enforceable. The appellees argue that the class-action waiver has the practical effect of limiting the appellees' rights while protecting the appellants. First, we note that the language of the arbitration agreement bars either party from arbitrating a class-action claim: "[a]ny claim or dispute is to be arbitrated on an individual basis, and not as a class action; and, you expressly waive any right you may have to arbitrate a class action."[1]
*515 The relevant inquiry, then, is not about the availability of class-action litigation, but class-action arbitration.[2]
The Revised Uniform Arbitration Act, Arkansas Code Annotated section 16-108-210 (Repl. 2016) specifically allows for the consolidated arbitration of multiple claims and states that "[a]n agreement that prohibits the consolidation of arbitration claims or proceedings or denies arbitration for a class of persons involving substantially similar issues shall be closely scrutinized and shall not be enforced if found unconscionable."[3] Ark. Code Ann. § 16-108-210(d)(1). While the circuit court's lack-of-mutuality finding was not based on the unconscionability provision of section 16-108-210, the statute's skepticism regarding prohibitions on consolidated arbitration such as the one before us further illustrates why the circuit court was correct to interpret the provision as effectively one-sided.[4]
Also persuasive is the fact that in one of the most cited Arkansas cases regarding mutuality of obligation, Alltel Corporation v. Rosenow , 2014 Ark. 375, 2014 WL 4656609, the Arkansas Supreme Court affirmed a circuit court's lack-of-mutuality finding as to an arbitration agreement with almost identical language prohibiting consolidated arbitration proceedings. The supreme court never directly discussed the agreement's class-action waiver in Rosenow , focusing instead on a separate provision of the arbitration agreement that was *516 found to be significantly one-sided. However, in light of the appellants' current argument that the class-action waiver provides the necessary mutuality of obligation to render the arbitration agreement valid and enforceable, the Rosenow court's silence on that issue when affirming a lack-of-mutuality finding as to an arbitration agreement that contained almost identical language is telling.
We also reject the appellants' argument that the arbitration agreement's class-action-waiver provision creates mutuality of obligation because Rule 23"expressly contemplates the possibility of a defendant class because it provides that 'one or more members of a class may sue or be sued as representative parties on behalf of all' in certain situations." (emphasis added by appellants). As discussed above, the class-action waiver found in the arbitration agreement prevents consolidated arbitration of multiple claims; it does not directly address class-action litigation under Rule 23, so the appellants' focus on the language of the rule is misplaced. We also note that appellants have neither cited any cases in which class certification was granted to the defendants nor provided any persuasive argument that waiving their right to be sued as part of a class action constitutes a meaningful obligation on their part.
We therefore find no error in the circuit court's ruling that the arbitration agreement lacks mutuality of obligation because both the self-help and class-action-waiver provisions are significantly one-sided in favor of appellants.[5] While mutuality of obligation does not require each party to be equally burdened, the appellants have not demonstrated that they are subject to any meaningful obligations under the arbitration agreement. Accordingly, we must affirm the circuit court's denial of appellants' motion to dismiss and compel arbitration.[6]
Affirmed.
Virden and Gladwin, JJ., agree.

The arbitration agreement also says that "[i]f a court limits or voids the Class Action Waiver, then this entire Arbitration Clause (except for this sentence) shall be null and void. If any part of this Arbitration Clause other than the Class Action Waiver shall be deemed or found unenforceable for any reason, the remainder of the Arbitration Clause shall remain enforceable."

The agreement effectively bars either party from participating in a class-action lawsuit because other provisions of the agreement limit the parties to litigation that falls within the jurisdiction of small claims court. However, the specific "class-action waiver" language at issue in this appeal deals with whether the parties can engage in consolidated arbitration of multiple claims, not whether they can participate in class-action litigation.

An agreement may be found unconscionable if (1) it is unreasonable, one-sided, or contains language that is difficult to notice or understand; (2) a meaningful choice of whether or not to agree to the arbitration provisions of the agreement is not provided; or (3) the agreement is not balanced or fair under reasonable standards of fair dealing. Ark. Code Ann. § 16-108-210(d)(2)(A)-(C). The comments to this section of the Revised Uniform Arbitration Act state that (1) the act is intended to effectuate the intent of the contracting parties, even if that intent is to disallow consolidated arbitration of multiple claims; and (2) that there are conflicting precedents as to whether prohibitions on consolidated arbitration automatically render an arbitration agreement unconscionable. Rev. Unif. Arbitration Act § 10 cmt.

In the context of a vehicle-sales contract, the purchasers would be much more likely to desire consolidated arbitration of a class-action-type claim. While not directly controlling, the class-certification standards are helpful in understanding the issue. Class certification is governed by Rule 23 of the Arkansas Rules of Civil Procedure. The proposed class must be susceptible to precise definition, and before a class can be certified under Rule 23, the class description must be sufficiently definite so that it is administratively feasible for the court to determine whether a particular individual is a member of the proposed class. See Van Buren Sch. Dist. v. Jones , 365 Ark. 610, 232 S.W.3d 444 (2006) ; Ark. Blue Cross & Blue Shield v. Hicks , 349 Ark. 269, 78 S.W.3d 58 (2002). The six requirements for class-action certification as stated in Rule 23 of the Arkansas Rules of Civil Procedure are (1) numerosity, (2) commonality, (3) typicality, (4) adequacy, (5) predominance, and (6) superiority. Diamante, LLC v. Dye , 2013 Ark. 501, at 2, 430 S.W.3d 710, 714. From these factors, it is more likely that a group of purchasers would be able to satisfy these requirements in a common suit against the seller/financer than it is that a seller/financer would join with other creditors to prosecute a class action against an individual buyer/debtor.

To the extent that the circuit court also found that appellants had the unilateral option of avoiding arbitration by refusing to consent to the appellees' selection of arbitrator, we agree that the court erred in its interpretation of the contract. The arbitration agreement states that the purchaser may select the arbitrator "with [the seller's] consent" but goes on to specify that if the parties could not agree on an arbitrator, one would be appointed by a court. While this provision places the initial burden on the appellees to select an arbitrator, it does not allow the appellants to avoid arbitration simply by refusing to consent. While we acknowledge that the circuit court's finding on this provision of the agreement was erroneous, the error was harmless because, as discussed above, other provisions of the arbitration agreement lacked mutuality.

Because we are affirming the circuit court's denial of the appellants' motion to dismiss and compel arbitration based on lack of mutuality of obligation, we need not address the circuit court's alternative basis for its ruling, the finding that appellants had waived their right to enforce arbitration by seeking a monetary judgment in district court. See, e.g. , McNeill v. Robbins , 2014 Ark. App. 222, at 7, 2014 WL 1396655.