Cite as 2024 Ark. App. 205

# ARKANSAS COURT OF APPEALS
## DIVISION IV
No. CV-23-230

| | |
|---|---|
| KELLCO CUSTOM HOMES, INC.<br>APPELLANT | Opinion Delivered March 27, 2024 |
| | |
| V. | APPEAL FROM THE PULASKI<br>COUNTY CIRCUIT COURT,<br>SIXTEENTH DIVISION<br>[NO. 60CV-22-746] |
| DANIEL H. WILLIAMS AND ELLEN M.<br>WILLIAMS<br>APPELLEES | HONORABLE MORGAN E. WELCH,<br>JUDGE |
| | REVERSED AND REMANDED;<br>MOTION MOOT |

**RAYMOND R. ABRAMSON, Judge**

Kellco Custom Homes, Inc. (Kellco), appeals the Pulaski County Circuit Court order denying its motion to dismiss the complaint of Ellen M. and Daniel H. Williams (the Williamses). On appeal, Kellco argues that the circuit court erred by finding that the arbitration clause in its contract with the Williamses is unenforceable. We reverse and remand. Kellco additionally moved this court to stay further proceedings in the circuit court pending this appeal. Because we reverse and remand, the motion is moot.[1]

On February 2, 2022, the Williamses filed a complaint against Kellco. They alleged that they had entered into three agreements with Kellco concerning the purchase of a lot

---

[1]Kellco filed its motion with this court on March 7, 2024.

and the construction of a house. They claimed that Kellco defaulted and did not fulfill its obligations under the agreements and that they had performed their obligations under the agreements, including paying Kellco $1.616 million. They requested an equitable mortgage, a constructive trust, or other restitutionary relief, and they additionally requested an accounting of Kellco's records. In their prayer for relief, they asked for a "judgment in rem against the subject property for (1) $1,616,000, together with accrued pre and post judgment interest until paid; (2) attorney's fees, (3) title expenses; and (4) costs." They additionally requested a declaration of their first lien position and a declaration that their claim, right, title, and interest is paramount and superior to Kellco's.

The Williamses attached to their complaint three contracts between them and Kellco. The first contract is a custom home building agreement dated February 5, 2021. The agreement provided for the purchase of a lot and the construction of a house for $845,600 with a completion date within eight months. The agreement contained an arbitration clause stating that "[a]ny disputes related to the performance of this subcontract shall be submitted to binding arbitration in Pulaski County, Arkansas before an arbitrator mutually selected by the parties."[2] The second contract is an addendum to the custom home building agreement dated January 3, 2022. The addendum amended the purchase price to $1.4 million and the completion date to May 1, 2022. The third contract is a termination of the custom home building agreement dated January 11, 2022. The termination stated that due to the

_____

[2]The agreement further provided that the agreement shall be governed, construed, and enforced in accordance with the laws of the State of Arkansas.

Williamses' unforeseen circumstances, the Williamses asked Kellco to immediately terminate the agreement.

On May 16, Kellco answered the Williamses' complaint and moved to dismiss. It asserted that the agreement contained an arbitration clause, and it asked the court to dismiss the complaint in favor of arbitration.

On July 1, the Williamses responded and argued that the arbitration clause is unenforceable for four reasons: (1) their complaint for equitable relief is outside the scope of the arbitration clause, (2) the arbitration clause's reference to an unknown "subcontract" is vague, (3) the agreement is an adhesion contract and unenforceable against them, and (4) a third-party lienholder with an interest in the property is not bound by the arbitration clause.

The court held a hearing on February 6, 2023, and on February 15, the court entered an order denying Kellco's motion to dismiss for arbitration. The court found as follows:

> The claims pled are outside the scope of the express language of the arbitration agreement. In addition, third parties have an interest in the property at issue. Therefore, the motion is denied.

Kellco appealed the order to this court.

An order denying a motion to compel arbitration is an immediately appealable order. *Pest Mgmt., Inc. v. Langer*, 369 Ark. 52, 250 S.W.3d 550 (2007). We review denials of motions to compel arbitration de novo on the record. *Id.* Arbitration is simply a matter of contract between parties. *Hickory Heights Health & Rehab, LLC v. Cook*, 2018 Ark. App. 409, 557 S.W.3d 286. Whether a dispute should be submitted to arbitration is a matter of contract

construction, and we look to the language of the contract that contains the agreement to arbitrate and apply state-law principles. *Id.* The same rules of construction and interpretation apply to arbitration agreements as apply to agreements generally; thus, we will seek to give effect to the intent of the parties as evidenced by the arbitration agreement itself. *Id.* The construction and legal effect of an agreement to arbitrate are to be determined by this court as a matter of law. *Id.*

When asked to compel arbitration, a circuit court is limited to deciding two threshold questions: (1) whether there is a valid agreement to arbitrate between the parties; and (2) if such an agreement exists, whether the dispute falls within its scope. *GGNSC Holdings, LLC v. Chappel*, 2014 Ark. 545, 453 S.W.3d 645. The supreme court has made clear that a circuit court cannot skip this analysis. *Bank of the Ozarks, Inc. v. Walker*, 2014 Ark. 223, 434 S.W.3d 367; *Belvedere Nursing & Rehab. Ctr., LLC v. Ward*, 2023 Ark. App. 208, 665 S.W.3d 265.

In *Bank of the Ozarks*, the circuit court denied the motion to compel solely on the basis of the unconscionability defense without addressing the two threshold questions. *Bank of the Ozarks*, 2014 Ark. 223, 434 S.W.3d 357. The supreme court reversed and remanded to the circuit court to first resolve whether there was a valid agreement to arbitrate between the parties. *Id.* The supreme court additionally instructed that if the circuit court found there was a valid agreement to arbitrate, then it must determine whether the dispute falls within the scope of the agreement. *Id.* Only then could the circuit court consider whether a defense invalidates the agreement. *Id.*

In this case, the circuit court skipped the first threshold question. It did not make a finding whether a valid agreement to arbitrate existed between Kellco and the Williamses. Instead, the court addressed only the Williamses' arguments concerning scope and the third party. Accordingly, we reverse and remand to the circuit court to issue findings on the threshold questions as required by *Bank of the Ozarks*.

Reversed and remanded; motion moot.

GRUBER and HIXSON, JJ., agree.

*Davidson Law Firm*, by: *Charles Darwin "Skip" Davidson* and *Nickolas W. Dunn*, for appellant.

*Wilson & Associates, PLLC*, by: *H. Keith Morrison*, for appellees.