Cite as 2025 Ark. App. 483

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CV-24-571

| | |
|---|---|
| KELLCO CUSTOM HOMES, INC.; AND TRACIE KELLEY<br><br>APPELLANTS<br><br>V.<br><br><br>DANIEL H. WILLIAMS AND ELLEN M. WILLIAMS<br><br>APPELLES | Opinion Delivered October 22, 2025<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SIXTEENTH DIVISION<br>[NO. 60CV-22-746]<br><br><br>HONORABLE MORGAN E. WELCH, JUDGE<br><br>REVERSED AND REMANDED |

**RAYMOND R. ABRAMSON, Judge**

Kellco Custom Homes, Inc. (Kellco); and Tracie Kelley appeal the Pulaski County Circuit Court order denying their motion to dismiss Ellen and Daniel Williams's (the Williamses') amended complaint. On appeal, they argue that the circuit court erred by finding that an arbitration agreement was invalidated. We agree that the circuit court erred, and we reverse and remand.

This case returns to this court following remand. In the first appeal, we reversed the circuit court's denial of Kellco's motion to dismiss for arbitration and remanded the case for the court to consider the threshold questions as required by *Bank of the Ozarks v. Walker*, 2014 Ark. 223, 434 S.W.3d 357. *See Kellco Custom Homes, Inc. v. Williams*, 2024 Ark. App. 205. Relying on *Bank of the Ozarks*, we held that the circuit court must first resolve whether

there was a valid agreement to arbitrate between the parties. *Id.* If the circuit court found there was a valid agreement to arbitrate, then it must determine whether the dispute falls within the scope of the agreement. *Id.* We noted that only then could the circuit court consider whether a defense invalidates the agreement. *Id.*

During the pendency of the first appeal, the Williamses amended their complaint against Kellco and added Kelley, Kellco's shareholder and officer, as a defendant. In the amended complaint, the Williamses alleged that they had entered into a custom home building agreement with Kellco concerning the purchase of a lot and the construction of a house. They alleged that they made payments pursuant to that agreement totaling $1,616,026.82, but they claimed that Kellco's construction of the house did not progress as provided by that agreement. They asserted that Kelley offered to terminate the custom home building agreement and that the Williamses agreed to the termination. They stated that Kelley represented that she would refund all payments made under the custom home building agreement to them in exchange for terminating it. They claimed, however, that Kelley refunded them only $310,000 and that she had moved into the house with her family. They alleged claims for fraud, rescission at law, breach of the termination agreement, and unjust enrichment, and they requested damages and restitution totaling $1,316,026.82. The Williamses attached three documents to their complaint.

The first document is the custom home building agreement (the agreement) dated February 5, 2021. The agreement provided for the purchase of a lot and construction of a house for $843,600 with a completion date within approximately eight months. The

agreement contained an arbitration clause stating that "[a]ny disputes related to the performance of this subcontract shall be submitted to binding arbitration in Pulaski County, Arkansas before an arbitrator mutually selected by the parties." The agreement is signed by the Williamses and Kelley, as Kellco's president and chief executive officer.

The second document is an addendum to the custom home building agreement (the addendum) dated January 3, 2022.[1] The addendum amended the purchase price to $1.4 million and the completion date to May 1, 2022. The addendum provided that the other terms and conditions of the agreement shall remain in full force and effect, and it is signed by the Williamses and Kelley, as Kellco's president and chief executive officer.

The third document is a termination of the custom home building agreement (the termination) dated January 11, 2022. The termination provided that the agreement shall remain in full force and effect except that due to the Williamses' unforeseen circumstances, the Williamses "request" that Kellco "fully and immediately" terminate the agreement. The termination is signed by the Williamses.

On January 8, 2024, Kellco and Kelley moved to dismiss the amended complaint and again asserted that the parties had a valid agreement to arbitrate.

On June 3, 2024, the circuit court held a hearing on the remanded issues, and on June 10, the court entered an order again denying Kellco and Kelley's motion to dismiss the amended complaint. The court found that Kellco and the Williamses had entered into a

---

[1]The pleadings indicate that the parties actually signed the addendum on January 11, 2022.

valid arbitration agreement and that the dispute fell within the scope of the arbitration agreement. However, the court concluded that the termination invalidated the arbitration agreement. Kellco and Kelley again appealed, and they argue that the circuit court erred by denying their motion to dismiss.

Although Kellco and Kelley reference a motion to dismiss for arbitration, their request is one to compel arbitration. Accordingly, we treat their motion to dismiss as a motion to compel arbitration. An order denying a motion to compel arbitration is an immediately appealable order. *Pest Mgmt., Inc. v. Langer*, 369 Ark. 52, 250 S.W.3d 550 (2007). We review the denial of a motion to compel arbitration de novo on the record. *Id.*

Arbitration is simply a matter of contract between parties. *Hickory Heights Health & Rehab, LLC v. Cook*, 2018 Ark. App. 409, 557 S.W.3d 286. Whether a dispute should be submitted to arbitration is a matter of contract construction, and we look to the language of the contract that contains the agreement to arbitrate and apply state-law principles. *Id.* The same rules of construction and interpretation apply to arbitration agreements as apply to agreements generally; thus, we will seek to give effect to the intent of the parties as evidenced by the arbitration agreement itself. *Id.* The construction and legal effect of an agreement to arbitrate are to be determined by this court as a matter of law. *Id.* Any doubts and ambiguities of coverage will be resolved in favor of arbitration. *Lehman Props., Ltd. P'ship v. BB&B Constr. Co.*, 81 Ark. App. 104, 98 S.W.3d 470 (2003).

On appeal, Kellco and Kelley argue that the circuit court erred by finding that the termination invalidated the arbitration clause in the agreement. They argue that the

4

termination altered only the Williamses' intent to further perform the agreement and that the arbitration clause remains in effect. We agree that the circuit court erred on this point.

> A dispute that occurs after the termination of a contract may nevertheless be treated as if it arose under the contract, and is therefore arbitrable, when the dispute involves facts and occurrences that arose before the termination of the contract, the controversy involves a right that accrued or vested under the contract, or, under ordinary principles of contract interpretation, the disputed contractual right survives the termination or expiration of the remainder of the contract.

21 Richard A. Lord, *Williston on Contracts* § 57:21 (4th ed.), Westlaw (database updated May 2025). Further, our supreme court has held that it would be inequitable to allow an appellant to maintain inconsistent positions to avoid arbitration. *Am. Ins. Co. v. Cazort*, 316 Ark. 314, 322, 871 S.W.2d 575, 579–80 (1994) (stating that a party "cannot have it both ways. It cannot rely on the contract when it works to its advantage and ignore it when it works to its disadvantage." (quoting *Tepper Realty Co. v. Mosaic Title Co.*, 259 F. Supp. 688, 692 (S.D.N.Y. 1977))).

In this case, the termination pertains to the Williamses' "request" to terminate the agreement, and it provides that the agreement—with the arbitration clause—shall remain in full force and effect. Moreover, the Williamses rely on the agreement as the basis for their allegations against Kellco and Kelley in their complaint. They claim that before the termination, they paid Kellco pursuant to the agreement, but Kellco's construction of the home did not progress according to the agreement's terms. Their alleged damages are the sums they paid under the agreement. Given these circumstances, and resolving any doubts

in favor of arbitration, we hold that the circuit court erred by finding that the termination invalidated the arbitration agreement.

The Williamses respond that even if the termination did not invalidate the arbitration agreement, the dispute does not fall within the scope of the arbitration agreement because the arbitration clause is "very specific and narrow." They argue that their claims relate only to the termination, and they point out that they do not allege a contract claim for breach of the agreement.

In light of the policy favoring arbitration, we will not construe the agreement strictly but will read it to include subjects within the spirit of the parties' agreement. *Courtyard Gardens Health & Rehab., LLC v. Sheffield*, 2016 Ark. 235, 495 S.W.3d 69; *Altice USA, Inc. v. Peterson*, 2023 Ark. App. 116, 661 S.W.3d 699. We have stated that an arbitration agreement for "any controversy" is broad and expansive. *See A.G. Edwards & Sons, Inc. v. Myrick*, 88 Ark App. 125, 130, 195 S.W.3d 388, 392 (2004).

Here, the agreement provided that that "[a]ny disputes related to the performance of this subcontract[2] shall be submitted to binding arbitration." Even though the Williamses do not allege a breach-of-contract claim specifically for the agreement, their claims concern the payments made pursuant to the agreement. Accordingly, the Williamses' argument is without merit, and the circuit court properly found that the dispute falls within the scope of the arbitration clause.

---

2The parties do not complain about the use of the term "subcontract."

The Williamses additionally assert that even if the arbitration agreement applies to Kellco, Kelley cannot invoke the arbitration clause because she is not a party to the agreement. However, the circuit court did not rule on this argument, and it is therefore not preserved for our review. *Courtyard Gardens Health & Rehab., LLC v. Quarles*, 2013 Ark. 228, at 10, 428 S.W.3d 437, 444 (declining to address whether the third-party-beneficiary doctrine applied to bind an individual to an arbitration agreement because the circuit court did not rule on the issue).

In conclusion, we hold that the circuit court erred by denying the motion to compel arbitration. Accordingly, we reverse and remand.

Reversed and remanded.

VIRDEN and TUCKER, JJ., agree.

*Davidson Law Firm*, by: *Charles Darwin "Skip" Davidson* and *Nickolas W. Dunn*, for appellants.

*The Applegate Firm, PLLC*, by: *Kayla M. Applegate* and *Ryan J. Applegate*, for appellees.